Kimberly D. Barone Baden, Esq.,
SB#207731
Mary Schiavo, Esq.
James R. Brauchle, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile:  843-261-9450

Attorneys of Plaintiffs, *Michael Blais*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL BLAIS, Individually and as Estate Trustee of the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS, STEVE GUY BLAIS and ERIC ROBERT BLAIS, Individually as children of their deceased parents,**<br><br>Plaintiff(s)<br><br>v.<br><br>**ROBINSON HELICOPTER COMPANY, INC., a California corporation; HONEYWELL INTERNATIONAL, INC., a Delaware corporation; HONEYWELL AEROSPACE, a Subsidiary of HONEYWELL INTERNATIONAL, INC., a Delaware corporation; ROLLS-ROYCE CORPORATION, a Indiana corporation, and ROLLS-ROYCE NORTH AMERICA, INC., a Delaware corporation.**<br><br>Defendant(s). | CASE NUMBER<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: March 3, 2021 |

COMES NOW the Plaintiffs, MICHAEL BLAIS, individually and as Estate Trustee, Personal Representative, and proper successor-in-interest of the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS (hereinafter the "Plaintiffs") STEVE GUY BLAIS and

1
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

ERIC ROBERT BLAIS, individually and as children of their deceased parents, and for causes of action against the Defendants identified herein, and each of them, alleges:

## GENERAL ALLEGATIONS

1. On March 4, 2019, a Robinson Helicopter R66 helicopter (Registration Number C-GAUA; Serial Number 0142) (hereinafter "C-GAUA") experienced mechanical failure and crashed during flight near Timmons, Ontario.

2. The two occupants of the helicopter, JODY CLAUDE BLAIS and NICOLE ALINE BLAIS were fatally injured in the crash. They are survived by their two children, STEVE GUY BLAIS and ERIC ROBERT BLAIS.

## PARTIES

3. Plaintiff Michael Blais was appointed the Estate Trustee of the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS by the Ontario Superior Court of Justice. He brings this suit in his representative capacity for the heirs of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS for the use and benefit of all persons entitled to recover for the death of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS. MICHAEL BLAIS is a citizen of Canada.

4. Plaintiff STEVE GUY BLAIS is the surviving son of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS and he sues in his individual capacity.

5. Plaintiff ERIC ROBERT BLAIS is the surviving son of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS and he sues in his individual capacity.

6. Defendant ROBINSON HELICOPTER COMPANY, INC. (hereinafter "RHC") is a California corporation. It maintains its principal place of business and headquarters in Torrance, California. RHC is a California citizen and is subject to personal jurisdiction in this

2
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

District. RHC, among other things, designed, manufactured, tested, inspected, trained pilots to fly, distributed, advertised, marketed, warranted and sold C-GAUA in this District.

7. Defendant HONEYWELL INTERNATIONAL, INC. is a Delaware corporation which maintains its principal place of business and headquarters in Morristown, New Jersey, and, on information and belief, is doing business in this District.

8. Defendant HONEYWELL AEROSPACE a subsidiary of HONEYWELL INTERNATIONAL, INC., is, on information and belief, a Delaware corporation which maintains its principal place of business and headquarters in Phoenix, Arizona, and, on information and belief, is doing business in this District.

9. At all times relevant herein, Defendants HONEYWELL INTERNATIONAL, INC., and HONEYWELL AEROSPACE, inclusive (collectively, hereinafter, "HONEYWELL"), among other things, designed, manufactured, tested, inspected, trained, distributed, advertised, marketed, warranted and sold, among other things, the fuel system and its component parts, in the turbine powered Robinson R66 helicopter model, including C-GAUA.

10. Defendant ROLLS-ROYCE CORPORATION is an Indiana corporation which maintains its principal place of business and headquarters in Indianapolis, Indiana, and, on information and belief, is doing business in this District.

11. Defendant ROLLS-ROYCE NORTH AMERICA, INC. is a Delaware corporation which maintains its principal place of business and headquarters in Reston, Virginia, and, on information and belief, is doing business in this District.

12. Defendants ROLLS-ROYCE CORPORATION and ROLLS-ROYCE NORTH AMERICA, INC., inclusive (collectively, hereinafter "ROLLS-ROYCE"), among other things, designed, manufactured, tested, inspected, trained, distributed, advertised, marketed, warranted

3
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

and sold, among other things, the Rolls Royce RR 300 turboshaft engine to be installed, and which was installed, on all Robinson R66 helicopters, including C-CAUA, which was designed, manufactured and sold in this District.

13. Plaintiffs are informed and believe, and allege that, at all relevant times herein that RHC, HONEYWELL, ROLLS-ROYCE, and each of them, participated in and were actively engaged in the development and design of the Rolls-Royce RR300 engine and its component parts, for the R66 model helicopter, including C-CAUA, and each of them approved, adopted, and ratified the design of the Rolls-Royce RR300 engine and the fuel system component parts for use in the R66 helicopter models, including C-CAUA.

14. Defendants RHC, HONEYWELL, and ROLLS-ROYCE, and each of them, at all times herein, knew and intended that all R66 model helicopters, including, but not limited to, C-CAUA, and, among other things, its engine and component parts would be purchased and used by purchasers or users, including DECEDENTS, without inspection for defects therein or in any of its component parts.

**JURISDICTION AND VENUE**

15. This is an action for damages in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

16. Jurisdiction exists over this action and Defendants under 28 U.S.C. §§ 1332 and 1367.

17. Venue is proper because Defendants conducted significant business in this district, and a substantial part of the events or giving rise to the claim occurred in this judicial district.

18. All conditions precedent, if any, to bringing this action have been fulfilled.

**FACTS GIVING RISE TO CAUSES OF ACTION**

4
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

19. RHC designs, manufactures and sells the two place R22 model helicopter, which became commercially available in October 1979. RHC also designs, manufactures and sells the four place R44 model helicopter, which became commercially available in March 1992. Both models have piston driven engines.

20. On or about October 2010 RHC obtained type certification from the Federal Aviation Administration (hereinafter "FAA") for production of its new five place turbine powered R66 helicopter.

21. The RHC R66 is a 5-seat helicopter with a maximum gross weight of 2700 pounds.

22. In January 2016, RHC sold R66 serial number 0142 to Decedent Jody Blais.

23. The R66, and specifically C-CAUA was powered by the Rolls-Royce RR300 engine. The RR300 engine has fuel control units and other components manufactured by Honeywell.

24. On March 4, 2019, C-CAUA, experienced a mechanical failure and crashed during flight near Timmons, Ontario, killing JODY CLAUDE BLAIS and NICOLE ALINE BLAIS.

### COUNT I
### NEGLIGENCE

25. Plaintiffs incorporate by reference prior and subsequent allegations as though fully set forth herein.

26. At all times material hereto, Defendants engaged in the business of designing, certifying, testing, manufacturing, selling, overhauling, modifying, re-engining, training and maintaining the aircraft, including the helicopter that is the subject matter of this Complaint

27. The aircraft in question was designed, manufactured, assembled, tested, modified, overhauled, re-engined, maintained, and instructed by Defendants, which also provided the installation, modification, maintenance, overhaul, re-engine and operation instructions, and was tested and serviced by Defendants with the knowledge that it would be used as a form of aviation transportation.

5
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

28. At all times material hereto, the subject accident was caused, in whole or in part, by the improper, inadequate and ineffective corporate inspection techniques, design, manufacturing, assembly, modification, re-engining, overhaul, training, procedures, documentation, and communications involving the subject aircraft and components which were not properly manufactured, assembled, modified, installed, adapted to, appropriate for, maintained and repaired by the Defendants.

29. At all times material hereto, Defendants had a duty to exercise reasonable care in the design, manufacture, installation, modification, assembly, re-engining, maintenance and repair of the aircraft and manuals designed, certified, tested, manufactured and sold by the Defendants including the subject aircraft engine, fuel controls, aircraft components and manuals as well as a duty to ensure that the same were adequate and effective, and that their personnel were properly trained and fully aware of all documentation and communications prepared by Defendants regarding this aircraft.

30. At all times herein Defendants, and each of them, owed a duty to exercise reasonable care to the purchaser and user of the R66 helicopter and its component parts. Defendants, and each of them, negligently, carelessly, and recklessly, among other things, designed, manufactured, assembled, maintained, modified, re-engined, inspected, tested, instructed, trained, warranted, published manuals, distributed and sold the R66 helicopter and its component parts, including, but not limited to, the engine and related systems and parts, the fuel control systems and parts, as well as assembly, maintenance, installation and repair instructions.

31. As a direct result of the negligence and the conduct of Defendants, and each of them, the Plaintiffs suffered the severe and permanent injuries described herein.

32. As a direct result of Defendants' negligence and conduct, Defendants are liable for all actual, compensatory, consequential, and punitive damages, including without limitation damages for mental pain and suffering and physical injuries, plus interests and costs, and such other damages allowed under law and as this Honorable Court and the jury deems just.

**COUNT II**
**WRONGFUL DEATH AND SURVIVAL**

33. Plaintiffs incorporate by reference all prior and subsequent allegations as if though set forth herein.

34. The crash, which resulted in the death of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS, was a direct and proximate result of the negligence and willful misconduct herein alleged of the Defendants. As a result, the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS and their children Steve Guy Blais and Eric Robert Blais, as well as other survivors and heirs, have suffered damages.

35. Plaintiff MICHAEL BLAIS, brings this action as the Estate Trustee of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS, and on behalf of the heirs of the Decedents, and their children STEVE GUY BLAIS and ERIC ROBERT BLAIS also join the estate in bringing this action, and hereby demand judgment against the Defendants, for all damages as allowed by the law of California and/or such other states or jurisdiction pursuant to any conflicts or choice of law analysis by this Honorable Court for an amount that will reasonably compensate the children of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS and the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS, including all wrongful death and survival damages for Plaintiffs BLAIS and the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS for all economic and non-economic damages allowed by law for the full value of the life of the Decedents including all general, specific, direct and

7
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

consequential, economic and noneconomic damages, funeral, medical and other recovery expenses for pain and suffering of the Decedents. All necessary expenses consequent upon an injury and subsequent death, and

interest as allowed by law and as example, but not limited to:

    a). The personal suffering and personal injury, including but not limited to fear, terror, pre and post impact injury and suffering, pain and other distress, of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS from injury, until deaths;

    b). The financial support the decedents would have contributed to the family during the life expectancy that decedents had before death or the life expectancy of the Plaintiffs, whichever is shorter;

    c). The loss of gifts or benefits Plaintiffs would have expected to receive from Decedents;

    d). Funeral and burial expenses;

    e). The reasonable value of household service decedents would have provided;

    f). The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support provided by Decedents;

    g). The loss of Decedents' training and guidance;

    h). Personal property damages and loss;

    i). Cost and expenses of suit and attorney's fees;

    j). Prejudgment and post-judgment interest as allowed by law;

    k). Any other damages to which the Plaintiffs, survivors, beneficiaries or estate may be entitled under applicable law; and

    l). Punitive damages as allowed by law, which are specifically prayed for in this Complaint.

8
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

# COUNT III
# STRICT PRODUCT LIABILITY

36. Plaintiffs incorporate by reference each and every prior and subsequent allegation as though fully set forth herein.

37. At all relevant times RHC, among other things, designed, manufactured, inspected, tested, trained, warranted, distributed and sold the model R66 helicopter, including C-CAUA.

38. At all relevant times HONEYWELL and ROLLS-ROYCE, among other things, designed, manufactured, inspected, tested, trained, warranted, distributed and sold the aircraft engine and aircraft component parts, including but not limited to the fuel system component parts, of the model R66 helicopter, including C-CAUA.

39. From the time JODY BLAIS took delivery of C-CAUA through March 4, 2019, C-CAUA, and its component parts, were in substantially the same condition, including but not limited to the engine and fuel control system, and other parts, as it was when it left RHC's possession, except for deterioration caused during normal, foreseeable, use caused by the defective manufacture and/or design.

40. At all relevant times, C-CAUA was used in a way that was reasonably foreseeable to Defendants, and each of them.

41. At all times herein mentioned, defendants, and each of them, knew and intended that R66 helicopters and their component parts would be purchased by members of the public, and used by the purchasers, pilots, and passengers without inspection for defects.

42. At all relevant times C-CAUA was defective in that, among other things, the engine, fuel control system component parts, and other component parts, contained manufacturing and/or design defects that caused C-CAUA to experience mechanical failure during normal flight, resulting in, among other things, uncontrollable power surges and loss,

9
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

1  resulting in the crash, the death of Decedents, and damages to Plaintiffs, and each of them,

2  according to proof at the time of trial.

3      43.    By virtue of the foregoing defects and conditions in C-CAUA, the risks

4  associated with the design of the engine, fuel control system, and other parts outweigh its

5  benefits taking into account the potential harm to the helicopter occupants, the likelihood that

6  this harm would occur, the existence of several alternative designs at the time of the design

7  and manufacture and the cost of safer alternative designs.

8      44.    Additionally, as manufactured, designed, distributed and sold, C-CAUA, its

9  engine, fuel system component parts, and other parts, was defective in that C-CAUA suffered

10 catastrophic mechanical failure and loss of power during normal flight operations, causing the

11 aircraft not to perform as safely as an ordinary consumer would have expected it to on the

12 occasion in question.

13     45.    C-CAUA's defects were a substantial factor in causing harm to Decedents and

14 damages to the Plaintiffs, and each of them, as alleged herein, and as such, Defendants, and

15 each of them, are strictly liable.

## COUNT IV
## BREACH OF WARRANTIES

16     46.    The Plaintiffs re-allege and incorporate by reference as though fully set forth

17 all other paragraphs of this Complaint.

18     47.    There existed, at the time of this accident, warranties of fitness for a

19 particular purpose and merchantability that were implied from the sale of the R66 helicopter

20 and its component parts to JODY BLAIS by Defendants, and each of them, regardless of

21 any writing to eliminate them.

22     48.    The warranty of fitness for a particular purpose was breached by Defendants,

23 and each of them, for the reasons set forth in this Complaint, in that, *inter alia*, the R66

helicopter and its components were defective and inadequate for the purpose intended, safe flight, and were not properly constructed, installed and functioning.

49. The warranty of merchantability was breached by Defendants, and each of them, in that the R66 helicopter and its components were not of fair or average quality as compared to other helicopters made by competitors or of the same quality as others manufactured or maintained by Defendants, and each of them, resulting in the crash, injuries, and delay, as alleged herein.

50. As a direct result of the breaches of warranty and the conduct of Defendants, and each of them, the Plaintiffs suffered the severe and permanent injuries described herein.

51. At all relevant times, the R66 helicopter was defective in that, among other things, its manuals and publications failed to prescribe, instruct, caution, or require appropriate installation, modification, maintenance and inspection steps and procedures that might have prevented the failure of one or more of the R66 helicopter's components, parts, or systems, including the engine and fuel control and related systems and parts.

52. As a direct and proximate result of the foregoing defects and conditions in the R66 helicopter and its component parts, the risks associated with the design thereof outweigh its benefits, taking into account the potential harm to the helicopter occupants and the public the likelihood that this harm would occur, the existence of several alternative designs at the time of the design and manufacture, and the cost of safer alternative designs.

53. Additionally, as manufactured, designed, assembled, instructed, maintained, distributed and sold, the R66 helicopter, its engines and related systems and parts, the fuel control and related systems and parts, and the instructions and manuals were defective in that the helicopter suffered mechanical failure and engine failure during normal, expected, anticipated and intended flight operations, causing the aircraft not to perform as an ordinary

consumer under these circumstances would have expected it to on the occasion in question.

54. The R66 helicopter's failure to perform safely caused and contributed to the death of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS and damages to each Plaintiff as described herein, and for which, Defendants, and each of them, are strictly liable.

55. The design, manufacture, assembly, modification, maintenance of the R66 helicopter were and are defective and dangerous because the aircraft is not capable of safe flight throughout the entire operating envelope, for which it was supplied, does not meet generally accepted performance requirements, and does not meet required manufacturing and quality control standards.

56. The Defendants' breaches caused harm to Decedents and damages to Plaintiffs, and each of them for which Defendants are liable.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

A. MICHAEL BLAIS, on behalf of the Estates of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS:

1). The personal suffering and personal injury, including but not limited to fear, terror, pre and post impact injury and suffering, pain and other distress, of JODY CLAUDE BLAIS and NICOLE ALINE BLAIS from injury, until deaths;

2). The financial support the Decedents would have contributed to the family during the life expectancy that Decedents had before death or the life expectancy of the Plaintiffs, whichever is shorter;

3). The loss of gifts or benefits Plaintiffs would have expected to receive from

12
**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Decedents;

4). Funeral and burial expenses;

5). The reasonable value of household service Decedents would have provided;

6). The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support provided by Decedents;

7). The loss of Decedents' training and guidance;

8). Personal property damages and loss;

9). Cost and expenses of suit and attorney's fees;

10). Prejudgment and post-judgment interest as allowed by law;

11). Any other damages to which the Plaintiffs, survivors, beneficiaries or estate may be entitled under applicable law; and

12). Punitive damages as allowed by law, which are specifically prayed for in this Complaint.

Dated: March 3, 2021                                        MOTLEY RICE LLC

                                                            By: _/s/ Kimberly D. Barone Baden_
                                                                Kimberly D. Barone Baden, Esq.
                                                                Mary Schiavo, Esq.
                                                                James R. Brauchle, Esq.

                                                                Attorneys for Plaintiffs
                                                                *Michael Blais, Steve Guy Blais*
                                                                *And Eric Robert Blais*

**DEMAND FOR JURY TRIAL**

Plaintiffs and each of them demand a jury trial on all issues and causes of action.

Dated: March 3, 2021                    MOTLEY RICE LLC


                                        By: _/s/ Kimberly D. Barone Baden__
                                            Kimberly D. Barone Baden, Esq.


                                            Attorney for Plaintiffs
                                            *Michael Blais, Steve Guy Blais*
                                            *And Eric Robert Blais*